IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMONICK PEOPLES, | : |
|             Petitioner, | :   CIVIL ACTION |
| v. | : |
| | :   NO. 17-4444 |
| THERESA DELBASO, et al., | : |
|             Respondents. | : |

MEMORANDUM AND ORDER

JACOB P. HART, U.S.M.J.                                                                                                               August 7, 2018

I.     FACTS AND PROCEDURAL HISTORY

Pending before this Court is Petitioner's Motion for Stay and Abeyance of his habeas petition. Petitioner filed a pro se Petition for Writ of Habeas Corpus on October 4, 2017 and on that same date filed a pro se Motion to Stay in Abeyance his habeas petition so that he could exhaust his newly discovered evidence claim in state court. (Doc. No. 2). He explained that after learning that Detective Dove, the lead detective in his case, had been fired, he had previously attempted to raise claims regarding Detective Dove in the state court by filing amendments to his PCRA petition. However, at that time no criminal charges had been filed against Detective Dove and the PCRA court dismissed the claims finding that Petitioner had failed to allege any connection between his conviction and Detective Dove's firing. Petitioner alleges that Detective Dove was later charged with evidence tampering and he seeks a stay in order to allow him to raise in state court claims involving Detective Dove, which he no longer believes to be premature. Petitioner seeks a stay and abeyance while he seeks to exhaust these claims in order to protect his right to return to federal court.

Respondent filed a Response to Petitioner's Motion to Stay, objecting to the motion as being premature since Petitioner did not seek to add the claims involving Detective Dove to his pending habeas petition. (Doc. No. 16). Very soon after Respondent's Response to the Motion to Stay was filed, Counsel for Petitioner entered her appearance and filed a second, now counseled, Motion to Stay (Doc. No. 18). Petitioner's counsel has been retained to represent him in both the now pending PCRA proceedings and in this habeas petition.

Rather than seeking to file an Amended Habeas Petition after being retained, Petitioner's counsel citing reasons of "counsel and judicial economy," has instead indicated her desire to file such an amended petition after exhausting claims involving after discovered evidence involving Detective Dove in the state court. Doc. No. 21 at 4, n.2. Petitioner's counsel provides that the new evidence upon which the Motion to Stay is based on the fact that on April 27, 2017, Detective Dove pled guilty to hindering apprehension/prosecution, obstruction of administrative law, tampering with physical evidence, criminal conspiracy and related offenses. She alleges that his admissions of guilt have a nexus to Petitioner's case. Doc. No. 18 at 3.

II.     DISCUSSION

The Supreme Court's decision in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), allows the federal court in limited circumstances court to issue a protective stay pending exhaustion, rather than dismissing the petition. <u>Id.</u> at 270. Such action is appropriate where "(1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not 'plainly meritless,' and (3) there is an absence of any indication that the petitioner is engaged in 'potentially dilatory tactics." <u>Id.</u> at 278. The Third Circuit has held that the stay and abeyance procedure is not limited to "mixed" petitions (petitions containing both exhausted and

unexhausted claims), but is also available in cases where there is only an unexhausted claim. See Heleva v. Brooks, 581 F.3d 187, 191-93 (3d Cir. 2009).

Respondents argue that since Petitioner has not sought to amend his petition to include any unexhausted claims regarding Detective Dove the petition is not a "mixed petition" and the Motion to Stay is premature. As Respondents note, although Petitioner sought to amend his habeas petition, he made no mention of any claims involving Detective Dove in that motion. Instead he sought to add three claims of ineffective assistance of counsel.[1] Doc. No. 11.

We agree that ordinarily a motion to stay would be premature where the petitioner has not sought to amend his habeas petition to include the unexhausted claims he is attempting to exhaust in pending PCRA proceedings. See Hollomon v. Glunt, Civ. A. No. 12-0272, 2013 WL 5948022, at *15 (E.D. Pa. Nov. 7, 2013) (Sitarski, M.J.) (approved and adopted by Stengel, J.) (finding federal court's ability to stay habeas petition "has no applicability" where his petition has not been amended to include unexhausted claims presented in PCRA petition); Cunningham v. Kerestes, Civ. A. No. 07-4237, 2008 WL 8423704, at *4 (E.D. Pa. Aug. 19, 2008) (Strawbridge, M.J.) (approved and adopted by Gardner, J.) (denying motion to stay where petitioner had not sought to amend habeas petition to add unexhausted claims). However, there are instances where a motion to stay should be granted even where the habeas petition has not yet been amended to include the unexhausted claims. See Gibson v. Kerestes, Civ. A. No. 12-200, 2014 WL 1652200, at *3 (E.D. Pa. April 24, 2014) (Sitarski, M.J.) (approved and adopted by Brody, J) (granting stay where all of the claims in the instant habeas petition had been exhausted in initial direct appeal because Petitioner had asserted he may seek to amend to include claims in the currently pending PCRA petition in order to not foreclose petitioner from

---

[1] Petitioner's counsel asserts that Petitioner sought to add these claims as well as the claim referenced in his Motion to Stay . Doc. 21 at 3, 15. However, there is no mention of any claims regarding Detective Dove in his Motion to Amend. Doc. No. 11.

3

raising trial counsel ineffectiveness claims because his trial counsel represented him during the habeas proceedings).

In this case, in addition to Petitioner's assertion that he wishes to amend the pending habeas to include these unexhausted claims, the after discovered evidence claims Petitioner is attempting to exhaust in his pending PCRA petition are also potentially very relevant to claims in his current habeas petition. When considering Petitioner's claim regarding the prosecutor being permitted to ask the recanting witness if he feared retaliation the state court found that the trial court had abused its discretion because the evidence was not more probative than prejudicial, but denied the claim based on a finding of harmless error. The state court made this finding based at least in part upon Detective Dove's testimony. Petitioner alleges that this harmless error analysis was based upon the testimony of two witnesses in an unreasonable determination of the facts in light of the after discovered evidence now pending in state court. Doc. No. 21 at 10. Therefore, the claims regarding Detective Dove's convictions which Petitioner is currently attempting to exhaust may be relevant even to these previously exhausted claims in his habeas petition. The state court should be given the opportunity to address the issues relevant to Detective Dove's credibility prior to this court addressing these claims.

Petitioner asserts that one of the Commonwealth's primary eyewitnesses was Gravitt, who was a juvenile and was interrogated by Detective Dove without another adult present. Gravitt recanted his statement to police at Petitioner's preliminary hearing. Gravitt was shot and killed ten days later. Since he was "unavailable" to testify sat trial, his preliminary hearing testimony was read into the record and was followed by Detective Dove's testimony to rehabilitate the credibility of his statement to the police. Petitioner also asserts that Gravitt's grandmother told a private investigator that he had not witnessed the shooting, but arrived at the

4

scene much later. She stated that her grandson told her that the police threatened to arrest him for lying or as an accessory to murder of he did not say that he saw Peoples shoot the victim. Defense counsel sought to introduce the grandmother's testimony but it was uncorroborated hearsay and was not admitted. Doc. No. 18 at 4-5. Counsel for Petitioner also argues that another Commonwealth witness, Thomas, denied the statements attributed to him alleging that they were given to him by Detective Dove. He also denied the signatures on all but the last page of his statement. Once again, Detective Dove testified to refute Thomas' statements. Doc. No. 18 at 4 (citing trial testimony).

We find that there was good cause for Petitioner's failure to previously exhaust his claims regarding detective Dove and he did not engage in dilatory or abusive tactics. He attempted to raise issues regarding Detective Cove prior to Dove's criminal conviction. In addition, Petitioner's current counsel has now filed a PCRA petition which is currently pending in state court. Furthermore, based upon the arguments made by Petitioner's counsel, we do not find that the issues are plainly meritless.

The principles of comity and deference to the state courts support staying this case. This will allow the state courts to address Petitioner's claims prior to this court addressing his habeas petition. Petitioner would be unable to return to federal court to seek review of the claims pending in his PCRA petition if this court addresses his habeas petition now. Therefore, I issue the following: