UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DOMINICK PEOPLES,                    :
              Petitioner,           :
      v.                             :      No. 2:17-cv-04444
                                     :
THERESA DELBASO, *et al.*,           :
              Respondents.          :
_____

**O P I N I O N**
Amended Petition for Writ of Habeas Corpus, ECF No. 30 — Denied and Dismissed

**Joseph F. Leeson, Jr.**                                                         December 2, 2021
**United States District Judge**

## I.    INTRODUCTION

Petitioner was found guilty of multiple crimes, including first degree murder. He filed an Amended Petition for Writ of Habeas Corpus, claiming that he should receive a new trial for numerous reasons. Magistrate Judge Henry S. Perkin issued a Report and Recommendation, recommending that each of Petitioner's claims should be denied for lacking merit or be dismissed for procedural reasons. Petitioner objects to the Report and Recommendation, largely asserting the same arguments made in his amended petition.

Following de novo review, this Court adopts the Report and Recommendation in its entirety and incorporates the same herein. Petitioner's petition is denied and dismissed. This Court writes separately only to briefly address Petitioner's objections to the Report and Recommendation that are unique from the arguments made in his amended petition.

## II.    BACKGROUND

Magistrate Judge Perkin recites the factual and procedural background of this case in great detail in the Report and Recommendation. *See* R&R 1–17, ECF No. 38. For that reason,

and because Petitioner does not object to the Magistrate's summary, the Court hereby adopts and incorporates the factual summary herein. Rather than repeat the entire history of this case, which is complex, the Court briefly summarizes only those facts necessary for its analysis in this Opinion.

Petitioner was arrested and charged with several crimes, including first degree murder for the shooting of Lamar Canada. *See id.* 1. Among the witnesses for the government were Johnto Gravitt and Detective Ronald Dove.

Gravitt originally testified at a preliminary hearing, during which he "revealed that he was sitting on his porch and saw [Petitioner] kill Canada." *Id.* Unfortunately, Gravitt was shot and killed shortly after the preliminary hearing, so he was not available to testify in person at Petitioner's trial. *See id.* 2. As a result, the trial court allowed the prosecution to read Gravitt's prior recorded testimony into the record at trial. *See id.* As an explanation for Gravitt's absence, the trial court told the jury that Gravitt had "passed away." *Id.* However, while the prosecutor elicited testimony from another witness during the trial, the prosecutor asked the witness if he was scared to testify because Gravitt had been "murdered." *Id.*

Dove was the lead detective for Petitioner's case and testified on behalf of the prosecution. *See id.* 12. It was not known at the time, but Dove had covered "up evidence in an unrelated homicide . . . involving a girlfriend." *Id.* 15. Dove's misconduct in the unrelated case eventually came to light, and he was fired and charged with obstructing justice. *See id.* Petitioner learned of Dove's misconduct after the trial when he read about Dove's arrest in a local news report. Dove did not officially plead guilty until much later on April 26, 2017. *See id.* 14.

The jury ultimately found Petitioner guilty. Petitioner appealed his conviction to the Pennsylvania Superior Court, arguing that the trial court had committed several errors during his trial. *See id.* 4. The Pennsylvania Superior Court affirmed the judgment. *See id.*

Petitioner then petitioned the Pennsylvania Supreme Court, seeking an allowance of appeal. *See id.* The Pennsylvania Supreme Court denied his allowance of appeal. *See id.* Importantly, on April 18, 2011, the United States Supreme Court denied certiorari. *See id.*

Petitioner then filed a pro se petition under the Pennsylvania Post Conviction Relief Act (PCRA), claiming that he had not received a fair trial. *See id.* 5. He later filed an amended petition under the PCRA through appointed counsel, making three new ineffective assistance of counsel claims against both trial and appellate counsel. *See id.* After Dove's arrest for police misconduct was reported in the news, Petitioner amended his PCRA petition again in 2013, adding to his list of claims that there was newly discovered evidence showing that Dove had engaged in misconduct while acting as a Detective and that the evidence warranted a new trial. *See id.* 15.

Before the amended PCRA petition was decided, Petitioner was appointed new counsel in 2014. *See id.* 6. However, shortly after being appointed, Petitioner's new counsel filed a "no-merit" letter pursuant to *Commonwealth v. Finley*, 550 A. 2d 213 (Pa. Super. Ct. 1988) (*en banc*). *See id.* Essentially, Petitioner's new counsel asked for the PCRA court's permission to withdraw because he did not believe that Petitioner's amended PCRA petition had any merit.

The PCRA court dismissed Petitioner's amended PCRA petition without holding a hearing. *See id.* 6. It determined that Dove's misconduct did not qualify as newly discovered evidence that would warrant a new trial because Petitioner had not shown that the misconduct was related to Petitioner's case. *See id.* 15. Instead, Dove's misconduct constituted impeachment

evidence only, which was insufficient for obtaining the relief Petitioner sought. *See id.* Petitioner appealed the dismissal to the Pennsylvania Superior Court. *See id.* 7. Ultimately, the Pennsylvania Superior Court affirmed the PCRA court's decision, and the Pennsylvania Supreme Court denied the allowance of further appeal. *See id.* 7. In response, Petitioner filed a second pro se PCRA petition, again claiming that Dove's misconduct warranted a new trial. *See id.* 9.

On September 28, 2017, Petitioner, acting pro se, filed a writ of habeas corpus and a motion for stay and abeyance with this Court. *See id.* 8. The pro se habeas petition contained four claims, none of which were claims of newly discovered evidence. *See* ECF No. 1. In the motion to stay, Petitioner sought a stay of his pro se habeas petition while he exhausted his second PCRA. *See* R&R. 8–9.

Petitioner later made a motion to this Court to amend his habeas petition, seeking to add three new claims alleging ineffective assistance of counsel. *See* ECF No. 11. After Petitioner retained counsel, he amended his second PCRA petition on May 5, 2018. *See* R&R. 9. He also filed a second motion to stay his habeas petition while he exhausted his second PCRA petition.[1]

This Court granted the motion to stay. *See id.* This Court also granted the motion to amend the habeas petition to include the three additional claims of ineffective assistance of counsel. *See id.* 12.

On March 19, 2019, the PCRA court dismissed Petitioner's second PCRA petition, which contained the claim of newly discovered evidence. *See id.* 13. The PCRA court held that the second PCRA petition was untimely. *See id*. Petitioner appealed the dismissal, and the Pennsylvania Superior Court affirmed. See *id.* 13–14. It reasoned that under "Section 9545(b)(1),

---

[1] The motion to stay, however, did not move for leave to amend the habeas petition to include the newly discovered evidence claim. *See id.*

[Petitioner] had to file his PCRA petition within one year of his judgment of sentence becoming final – or April 18, 2012." *Id*. Petitioner, however, did not file his second PCRA petitioner until October 3, 2017. *See id.* The Pennsylvania Superior Court also held that Petitioner had not proven a timeliness exception, which would have excused his late filing of his claim of newly discovered evidence. *See id.* "In sum," the Pennsylvania Superior Court held, "[Petitioner] has failed to plead and prove an exception to the PCRA's time bar, and his underlying after-discovered evidence claim has been previously litigated." *Id.* 16.

On June 29, 2020, Petitioner filed an amended habeas petition with this Court (Amended Petition), making the following claims:

1. Petitioner's constitutional right to due process and a fair trial under the Sixth and Fourteenth Amendments were violated by the Commonwealth's eliciting testimony that witness, Johnta Gravitt was murdered after testifying at the Petitioner's preliminary hearing and for using that evidence to impeach the credibility of recanting witness Martin Thomas.

2. Counsel violated Petitioner's Sixth Amendment rights by ineffectively failing to object to the admission of other prior bad acts/crimes evidence at trial and failing to request a related cautionary/limiting instruction.

3. Counsel violated Petitioner's Sixth Amendment right to effective assistance of counsel by failing to challenge on direct appeal the Court's ruling admitting gruesome autopsy photographs of the victim.

4. The PCRA Court violated Petitioner's rights under the Sixth and Fourteenth Amendments by dismissing the newly/after discovered evidence related to Dove's misconduct as untimely, without conducting a hearing on its merit.

5. Counsel violated Petitioner's Sixth Amendment rights by ineffectively failing to object to the testimony by referencing Yahya Abdul-Latif which violated his rights under the Confrontation Clause.

6. The Petitioner's constitutional rights were violated by the prejudice caused from the cumulative impact of the multiple errors/acts/omissions cited above.

*See* Am. Pet. 7–54, ECF No. 30.

The Magistrate Judge determined that each of these claims was either procedurally defaulted or lacked merit. *See* R&R 58.

Petitioner has filed objections to the R&R. *See* Objs., ECF No. 41.

### III. Legal Standard Involving a Petition for Writ of Habeas Corpus – Review of Applicable Law

A "writ of habeas corpus is a procedural device" that, when available, assures "that a prisoner may require his jailer to justify the detention under the law." *Peyton v. Rowe*, 391 U.C. 54, 58 (1968). When the claim presented in a federal habeas corpus petition has been adjudicated on the merits in the state courts, a federal court cannot grant habeas relief unless the state court adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

When reviewing a writ of habeas corpus, the Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). The habeas petitioner has

6

the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). However, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." *Gray v. Delbiaso,* No. CV 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017) (citing *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011)).

In addition, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

**IV.     DISCUSSION**

The Magistrate Judge determined that Petitioner's claims in the Amended Petition either lack merit or have been procedurally defaulted. *See generally* R&R. Petitioner objects to every recommendation made in the R&R. *See generally* Objs. Almost all the Petitioner's objections, however, simply rehash the same arguments he made in his Amended Petition. The Court therefore incorporates herein the same reasons and analysis used by the Magistrate Judge in the R&R to reject Petitioner's recycled arguments. *See Luckett, Jr. v. Folino*, No. 1:09-CV-00378,

7

2010 WL 3806822, at *1 (M.D. Pa. Sept. 23, 2010) (rejecting petitioner's objections because they sought "to re-litigate issues already considered and rejected by Magistrate Judge").

Only two of Petitioner's objections are somewhat unique from his Amended Petition and have not already been addressed in the R&R, at least not explicitly. First, Petitioner objects to the Magistrate's recommendation that his claim of newly discovered evidence is untimely. Second, Petitioner objects to the Magistrate's recommendations regarding his ineffective assistance of counsel claims. The Court addresses and rejects both of these objections in turn.

### A. Petitioner's claim of newly discovered evidence is untimely.

Under the AEDPA, a petitioner has one year to file a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). This limitation begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* (A)–(B).

In this case, Petitioner's judgment became final on April 18, 2011—the day the United States Supreme Court denied certiorari. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) ("a state court criminal judgment is 'final' for purposes of collateral attack at the conclusion of review in the United States Supreme Court").

8

The deadline for Petitioner to file his habeas petition was therefore April 18, 2012. Petitioner's filing of his first PCRA petition on April 10, 2012, successfully tolled the deadline until September 21, 2017, when the Pennsylvania Supreme Court denied Petitioner's request for review. *See* 28 U.S.C. § 2244(d)(2) (stating that the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection"). This left Petitioner with approximately one week until the AEDPA's deadline to file his habeas petition.

Petitioner filed his first habeas petition on September 28, 2017, the very day of the deadline. However, that first habeas petition did not include the newly discovered evidence claim. Petitioner did not bring the newly discovered evidence claim in a habeas petition until he filed the Amended Petition on June 29, 2020—several years past the AEDPA deadline. Additionally, although Petitioner moved to amend his habeas petition with ineffective assistance of counsel claims, he never moved to add the newly discovered evidence claim. For these reasons, the Magistrate determined that the newly discovered evidence claim was time barred. *See* R&R. 25–35. Petitioner objects to the Magistrate's finding for numerous reasons, only one of which has not been specifically addressed in the R&R.

Petitioner contends that the one-year limitation to bring the newly discovered evidence claim should start after April 18, 2011, because the facts giving rise to the claim were not known to him yet at that time. *See* Objs. 2. Instead, Petitioner argues that he did not officially discover the new evidence until Dove pled guilty on April 26, 2017. *See id.* 2. However, this assertion is contradicted by the fact that Petitioner raised the newly discovered evidence claim in his first PCRA petition, which he filed in 2012. Even if the Court used the later date suggested by Petitioner (April 26, 2017), the deadline for filing his Habeas Petition would have expired on

9

April 26, 2018. Petitioner's Amended Petition was filed over one year after this proposed deadline (June 29, 2020). Petitioner's claim of newly discovered evidence is therefore time barred regardless of which date is considered to be the date when the one-year clock started. For these reasons, the Court rejects this objection.

> **B.     Petitioner's claim that his PCRA counsel was ineffective is not a proper claim for habeas review.**

The Magistrate determined that Petitioner's claims of ineffective assistance of counsel at the trial, appellate, and PCRA level should be dismissed because, in part, "*Martinez* does not excuse defaulted claims of ineffective assistance of direct appeal counsel." R&R. 38. Petitioner objects to the Magistrate's finding here, asserting that "Petitioner is not arguing that *Martinez* excuses defaulted claims of ineffective assistance of direct appeals counsel . . . . Rather, Petitioner is claiming that *Martinez* applies because PCRA counsel abandoned him" and provided ineffective assistance of counsel. *See* Objs. 13. In other words, Petitioner argues that this Court should consider his claim that his PCRA counsel provided ineffective assistance of counsel. However, such a claim is not proper under a habeas petition and therefore this Court cannot consider it. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). As for Petitioner's claims of ineffective assistance of counsel at the trial and appellate stages, the Court incorporates the Magistrate's reasoning provided in the R&R and therefore rejects Petitioner's related objections.

## V.     CERTIFICATE OF APPEALABILITY

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a

substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth above, and those given in the R&R, Petitioner has failed to present a substantial showing of the denial of a constitutional right, nor would reasonable jurists find this Court's review of Petitioner's claims debatable or wrong. Therefore, a Certificate of Appealability shall not issue.

## VI.    CONCLUSION

The Court overrules Petitioner's unique objections for the reasons above. It overrules Petitioner's other objections for those reasons given in the R&R.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
