UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DOMINICK PEOPLES, :
                Petitioner, :
 :
         v. : No. 2:17-cv-04444
 :
THERESA DELBASO, *et al.*, :
                Respondents. :
_____

**O P I N I O N**

**Plaintiff's Motion for Reconsideration and Extension, ECF No. 51—DENIED in part and GRANTED in part**

**Joseph F. Leeson, Jr.**                                                                February 2, 2022
**United States District Judge**

**I.     INTRODUCTION**

After Petitioner filed an Amended Habeas Corpus Petition, Magistrate Judge Henry S. Perkin issued a Report and Recommendation, recommending that Petitioner's Amended Petition be denied. *See* R&R, ECF No. 38. Petitioner filed objections to the R&R, largely recycling the arguments he made in his Amended Petition. *See* ECF No. 41. This Court adopted the R&R in its entirety and issued its own Opinion denying the Amended Petition and overruling Petitioner's objections (December Opinion). *See* Dec. Op., ECF No. 47.

Petitioner has now filed a Motion for Reconsideration and Extension. *See* Mot., ECF No. 51. In his Motion, Petitioner asks the Court to reconsider its December Opinion; the Court declines to do so. He also asks the Court for an extension to file an application for a certificate of appealability with the Third Circuit Court of Appeals; the Court grants this request.

**II.     BACKGROUND**[1]

Petitioner was charged with the murder of Lamar Canada. *See* R&R 1. Johnto Gravitt was one of several government witnesses who testified against Petitioner.

At a preliminary hearing, Gravitt testified that he saw Petitioner shoot Canada. *See id.* Unfortunately, Gravitt was killed shortly after the preliminary hearing, so he was not available to testify in person at Petitioner's trial. *See id.* 2. As a result, the trial court allowed the prosecution to read Gravitt's prior recorded testimony into the record at trial. *See id.* As an explanation for Gravitt's absence, the trial court told the jury that Gravitt had "passed away." *Id.* However, while the prosecutor elicited testimony from another witness during the trial, the prosecutor asked the witness if he was scared to testify because Gravitt had been "murdered." *Id.* The jury ultimately found Petitioner guilty.

Petitioner has since made numerous attempts to overturn his conviction. For example, he appealed his conviction to the Pennsylvania Superior Court, then to the Pennsylvania Supreme Court, and finally to the United States Supreme Court. *See id.* 4. He also sought relief under the Pennsylvania Post Conviction Relief Act (PCRA) by filing two separate PCRA petitions. *See id.* 4 and 7.

In his many appeals and petitions, Petitioner argued that he should get a new trial because he received ineffective assistance of counsel at the trial, appellate, and PCRA court level. He also argued that he deserved a new trial because there was newly discovered evidence that one of the detectives involved in investigating his case had engaged in misconduct. Specifically, he asserted that Gravitt's grandmother told a private investigator that the police threatened Gravitt with

---

[1]     See the R&R and December Opinion for a more detailed background.

arrest if he did not testify against Petitioner. According to Petitioner, Gravitt confessed to his grandmother that he had not actually seen Petitioner shoot Canada.

None of Petitioner's efforts to get a new trial were successful. In sum, the courts that reviewed his appeals and petitions determined that his counsel had not been ineffective, or if counsel had been ineffective, that Petitioner had not been prejudiced as a result. They also determined that Petitioner's claim of newly discovered evidence did not warrant the relief he sought. Other claims were deemed procedurally defaulted.

After exhausting his options in state court, Petitioner filed an Amended Habeas Corpus Petition with this Court, *see* Am. Pet., ECF No. 30, making the following claims:

1. Petitioner's constitutional right to due process and a fair trial under the Sixth and Fourteenth Amendments were violated by the Commonwealth's eliciting testimony that witness, Johnta Gravitt was murdered after testifying at the Petitioner's preliminary hearing and for using that evidence to impeach the credibility of recanting witness Martin Thomas.

2. Counsel violated Petitioner's Sixth Amendment rights by ineffectively failing to object to the admission of other prior bad acts/crimes evidence at trial and failing to request a related cautionary/limiting instruction.

3. Counsel violated Petitioner's Sixth Amendment right to effective assistance of counsel by failing to challenge on direct appeal the Court's ruling admitting gruesome autopsy photographs of the victim.

4. The PCRA Court violated Petitioner's rights under the Sixth and Fourteenth Amendments by dismissing the newly/after discovered evidence related to Dove's misconduct as untimely, without conducting a hearing on its merit.

5. Counsel violated Petitioner's Sixth Amendment rights by ineffectively failing to object to the testimony by referencing Yahya Abdul-Latif which violated his rights under the Confrontation Clause.

6. The Petitioner's constitutional rights were violated by the prejudice caused from the cumulative impact of the multiple errors/acts/omissions cited above.

*See id.* 7–54.

In the R&R, the Magistrate Judge determined that each of these claims was either without merit or procedurally defaulted, and Petitioner filed objections to the R&R. *See* ECF No. 41. After a de novo review, this Court adopted the R&R in its entirety and issued a separate Opinion addressing Petitioner's objections that had not already been discussed in the R&R. *See* Dec. Op. In the December Opinion, the Court denied and dismissed Petitioner's claims raised in the Amended Petition and did not issue a Certificate of Appealability. *See id.*

Petitioner has now filed a motion with the Court, requesting that it reconsider its December Opinion. *See* Mot.

### III.   LEGAL STANDARDS

#### A.   Construing the filings of *pro se* Litigants – Review of Applicable Law

It is well known that courts have an obligation to construe the filings of *pro se* litigants liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). This of course extends to the construction of Petitioner's Motion. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established." (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))), *as amended*, (Sept. 19, 2011); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Although *pro se* litigants are entitled to liberality with respect to the substance of their filings, "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

#### B.   Motion to Reconsider – Review of Applicable Law

A motion to reconsider is used "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Thus, a party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Id*. (citing *N. River. Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## IV. ANALYSIS

Petitioner contends that the Court should reconsider its December Opinion for three reasons. First, because there is newly discovered evidence regarding Gravitt's testimony. Second, because the Court did not address two of his objections to the R&R. Third, because the Court misapprehended one of his claims brought in the Amended Petition. The Court analyzes and rejects each argument in turn.

### A. Alleged Newly Discovered Evidence

Petitioner argues first that this Court should reconsider its December Opinion because he has discovered new evidence that warrants additional discovery. *See* Mot. 1–7. Specifically, he points to an online news article titled, "After testifying, teen shot dead." *See* ECF No. 51 Ex. A.

The article states that "[r]elatives of Johnta Gravitt, 18, insist that the teen said he had witnessed the murder only after police threatened him with arrest." *Id.* Petitioner argues that the article is proof that Gravitt's testimony was false. There are two problems with this argument.

First, the evidence of Gravitt's alleged false testimony is not new. Petitioner made the same argument in the Amended Petition. Indeed, Petitioner has already informed the Court that "Gravitt's grandmother, Anna Jackson, told . . . a private investigator who worked for

Petitioner's trial counsel, that her grandson had told her that he had not witnessed the shooting but came to [the] scene much later." In the Amended Petition, he quoted the private investigator,

> Once there, her grandson told her that the police threatened to arrest him for lying, and told him that they were going to arrest him as an accessory to murder if he did not tell them that he saw [Petitioner] shoot the decedent. After being scared into saying that he was a witness, he gave the statement against [Petitioner]. He also told his grandmother that he was told if he didn't testify at the hearing that they were again going to arrest him

Am. Pet. 16.

The Magistrate Judge pointed out that the quoted statement from the private investigator was unreliable because it is double hearsay. *See* R&R. 34. The article Petitioner cites to now suffers from the same problem, and he does not provide anything from Gravitt's grandmother to corroborate the claim. The article therefore does not warrant reconsideration because it is no more credible than evidence that the Court has already considered regarding Gravitt's testimony. *See United States v. Bostic*, 360 F. Supp. 1305, 1309 (E.D. Pa. 1973), aff'd, 535 F.2d 1248 (3d Cir. 1976) (holding that courts must first consider whether new evidence is credible and determining that hearsay evidence would "probably" impeach only).

Petitioner argues that the article should be given more weight than the private investigator's statement because the article states that "[r]elatives . . . insist that" Gravitt's testimony was false, which implies that Gravitt told more than one relative that he was threatened into testifying. *See* Mot. 2. However, the article cites only his grandmother. It also contains several statements that go against Petitioner's argument. For example, the article states that "the police strongly deny" the allegation that Gravitt was threatened. *See* Ex. A. It also states that Gravitt "never indicated any duress to anyone at all," and that Gravitt's testimony was "consistent with his earlier statements." *Id.* In other words, the article does not present any new theories or new credible evidence.

Second, even if the article did present new evidence, it was available to Petitioner when the Court issued its December Opinion. The article was posted in 2006. The Court did not issue its December Opinion until the end of 2021. Thus, Petitioner could have discovered the article anytime within the last fifteen years. Indeed, Petitioner found the article with a simple Google search. *See* Mot. 2. Nothing prevented Petitioner from finding the article before the Court issued its December Opinion.[2] Since the article was available when the Court issued its December Opinion, and because it does not establish a clear error of law or fact, it does not warrant reconsideration or additional discovery.

B. **Two Objections Allegedly Not Addressed**

Petitioner argues next that the Court should reconsider its December Opinion because it did not address two of his objections to the R&R.

Petitioner's first cited objection is that his due process rights were violated because the jury was told that Gravitt was murdered. *See* Mot. 8. Although this objection was not specifically addressed in the December Opinion, it was discussed in the R&R. The Court incorporated the R&R in its entirety to overrule Petitioner's objections that were not addressed in the December Opinion. *See* Dec. Op. 1 and 11.

In the R&R, the Magistrate Judge determined that Petitioner's due process claim was "procedurally defaulted because Petitioner never fairly presented a due process claim to the state courts." R&R 36. Thus, contrary to Petitioner's assertion, this objection/claim was addressed and overruled. *See* R&R 36–42.

---

[2]   Petitioner states that he researched his case online in the office of his psychiatrist because he has no other way to access the internet. While Petitioner's internet access may have been somewhat restrained during the last fifteen years, it has not been completely barred.

Petitioner's second cited objection is that his trial counsel was ineffective for not filing a motion in limine to preclude any reference to an "unrelated vehicle stop (by police) with a murder fugitive." Mot. 9. Although the R&R addressed Petitioner's "claim for ineffective assistance of counsel for failing to object to prior bad acts evidence at trial," R&R 42, it is true that the R&R did not specifically mention the vehicle stop that Petitioner takes issue with.

However, Petitioner did not raise the vehicle stop in his Amended Petition. Instead, Petitioner "aver[ed] that counsel was ineffective for failing to move to suppress firearm evidence that was seized by police." Am. Pet. 17. Petitioner then elaborates on why admitting evidence of the firearms was a mistake throughout the following six pages of the Amended Petition. *See id.* 17–22. There is, however, no mention of the vehicle stop in the Amended Petition. Further, none of Petitioner's objections to the R&R mention the vehicle stop. As a result, the Court did not discuss it in its December Opinion.

Petitioner asserts in his Motion that he discussed evidence of the vehicle stop "in his pro se PCRA Petitions." Mot. 9. However, subsection (2) of Rule 2(c) of the Rules Governing Section 2254 Cases expressly requires that a habeas corpus petition must state the facts supporting each ground. Referencing the vehicle stop in a separate petition to a different court does not suffice. Indeed, Petitioner was warned, "if you fail to set forth all grounds in *this* petition, you may be barred from presenting additional grounds at a later date." ECF No. 1 p. 8 (emphasis added).

To put it simply, this Court did not address the vehicle stop because Petitioner never brought it to this Court. He did not raise the claim in his Amended Petition, and he did not discuss it in his objections to the R&R. The purpose of a motion to reconsider is to correct manifest errors of law or fact or to present newly discovered evidence, not to bring claims that

Petitioner forgot to bring initially. The Court will therefore not reconsider its December Opinion in order to address Petitioner's vehicle stop claim that was raised for the first time in his Motion to Reconsider.

### C. Alleged Misapprehended Claim

Finally, Petitioner argues that his claim of cumulative error was misapprehended in the R&R and in the December Opinion. *See* Mot. 9–10. The Court disagrees. This Court incorporated the R&R's determination that "Petitioner has not established that any errors exist that, when combined, would result in a cumulative prejudicial impact." R&R 58. Petitioner's alleged misapprehended claim was denied, and the accompanying objection was overruled for the reasons given in the R&R and December Opinion.

This Court has construed Petitioner's Motion and its arguments liberally. Thus, to the extent that this Court does misapprehend Petitioner's argument, if at all, Petitioner has not met his burden of persuasion. The development and clear presentation of an argument is a party's responsibility, not the Court's.

### V. CONCLUSION

The article that Petitioner relies on does not qualify as newly discovered evidence because it does not supply the Court with any facts it did not already have, and because it was discoverable when the Court issued its December Opinion. Of the two objections Petitioner alleges were not addressed, one was addressed prior, and the other was never brought before the Court. Lastly, Petitioner has not sufficiently shown that the Court misapprehended any of his claims. For these reasons, the reasons given above, the reasons given in the R&R, and the

reasons given in the December Opinion, the Court denies Petitioner's request to reconsider its December Opinion and accompanying Order.[3]

A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] Petitioner also asks the Court for an "extension to file a notice of appeal. *See* Mot. 11. Since the Court did not issue a Certificate of Appealability, Petitioner must "seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22" if he wishes to file an appeal. R. 11(a) Cases Gov'g 2254 Cases.

The Court notes that Petitioner's Motion to Reconsider does not extend his deadline to appeal. *See id*. The Court does, however, grant Petitioner an additional 14 days from the date of this Opinion to file an application for a certificate of appealability with the Third Circuit Court of Appeals. *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.")